**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Redflex Traffic Systems, Inc., | No. CV 09-2702-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| American Traffic Solutions, Inc., | |
| Defendant. | |

The Court now considers Defendant American Traffic Solutions's Motion to Disqualify ("Def.'s Mot.") (Doc. 14).

**I.    BACKGROUND**

In this case, Plaintiff Redflex Traffic Systems ("Redflex") brings claims for violations of the Lanham Act against Defendant American Traffic Solutions ("ATS"). (*See* Compl. ¶ 1.) Redflex and ATS both provide "photographic traffic law enforcement services, including automated services designed to aid in the enforcement of roadway speed limits and traffic signals at roadway intersections." (*Id.* ¶¶ 8, 11.) ATS has moved to disqualify Plaintiff's counsel, the law firm of Greenberg Traurig ("Greenberg"). (Def.'s Mot. at 1.) The Court heard oral argument on ATS's Motion on March 22, 2010.

Greenberg represented ATS's wholly-owned subsidiary, Mulvihill Intelligent Control Systems ("Mulvihill"), until March 2006; the representation related to government contracts

for red light cameras, which Mulvihill sought. (*Id*. at 1-2.) ATS argues that the representation, which spanned several years and the merger between ATS and Mulvihill and involved both litigation and contract procurement work, is "substantially related" to the instant matter because Greenberg received confidential information about ATS's products and strategies. (*Id.* at 2-6.) Redflex does not deny that Greenberg represented Mulvihill from 2003 to 2006 but responds that ATS has not demonstrated a substantial relationship between the prior representation and the present case and states that Greenberg has not relied on any confidential information that might have been obtained during the firm's representation of Mulvihill. (Pl.'s Resp. to Defs.' Mot. ("Pl.'s Resp.") at 3-4, 8.)

In late 2003, Mulvihill engaged Greenberg to represent it in a dispute involving a contract with the New York Department of Transportation. (Def.'s Mot. at 2, Ex. A, Decl. of James D. Tuton ("Tuton Decl.") ¶ 2.) In 2003 and 2004, ATS and Mulvihill were strategic partners involved in multiple public contract procurements in the U.S. (Tuton Decl. ¶ 3.) In 2004, ATS and Mulvihill began negotiating an agreement whereby ATS would purchase Mulvihill. (*Id.*) On February 22, 2005, Greenberg sent Mulvihill a letter proposing a change to the previous retention agreement. (*Id.* ¶ 4.) Mr. Tuton, President and CEO of ATS and Chairman and CEO of Mulvihill, states that he was aware of Mulvihill's retention of Greenberg and "considered Greenberg to be ATS's counsel." (*Id.*) ATS completed the acquisition of Mulvihill on March 1, 2005. (*Id.* ¶ 5.) Following the merger in 2005, Greenberg attorneys met several times with various ATS principals regarding continued representation of the newly-merged companies. (*Id.* ¶¶ 6-8.) Mr. Tuton states that highly confidential and proprietary matters were discussed at these meetings. (*Id.* ¶ 8.) Greenberg continued to represent ATS until March 2006, providing contract advice, representing ATS in disputes, and engaging in lobbying on ATS's behalf as the company sought government contracts. (*Id.* ¶ 9.) Mr. Tuton states that this representation took place in New York and Pennsylvania and related to red light cameras. (*Id.* ¶¶ 9-10.)

## II. LEGAL STANDARDS AND ANALYSIS

ATS bears the burden to show "'sufficient reason'" why Redflex's counsel should

be disqualified. *Amparano v. ASARCO, Inc.*, 93 P.3d 1086, 1093 (Ariz. Ct. App. 2004) (quoting *Alexander v. Super. Ct. of Ariz.*, 685 P.2d 1309, 1313 (Ariz. 1984)). Although the rules of professional responsibility are for ethical enforcement, courts look to the ethical rules for guidance on disqualification issues. *Id.* at 1092 (citing *Towne Dev. of Chandler, Inc. v. Super. Ct. of Ariz.*, 842 P.2d 1377, 1381-82 (Ariz. Ct. App. 1992)). The Arizona Rules of Professional Conduct apply to attorneys admitted to practice before this Court. LRCiv 83.2(e). ER 1.9 provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
> (1) whose interests are materially adverse to that person; and
> (2) about whom the lawyer has acquired information protected by ERs 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Comment 3 to ER 1.9 explains the meaning of the term "substantially related":

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

Plaintiff does not contest the existence of a prior attorney-client relationship with Mulvihill, from 2003 to 2006. (Pl.'s Resp. at 8.) The Court concludes that this prior relationship was not just with Mulvihill, but also applies to ATS. Another judge of this Court has previous held that Greenberg's representation of Mulvihill encompassed ATS as well. (*See* Def.'s Mot., Ex. C, Order dated Mar. 20, 2009 (citing *Alexander*, 685 P.2d at 1314 ("An attorney-client relationship is said to exist when the party divulging confidences and secrets

to an attorney believes that he is approaching the attorney in a professional capacity with the intent to secure legal advice.")).) In the case before Judge Martone, as well as in this case, ATS presented evidence that it subjectively believed that an attorney-client relationship existed with Greenberg and that, relying on that belief, it provided Greenberg with confidential information. (*Id.*; *see also* Tuton Decl. ¶¶ 6-8, 11.)[1] Therefore, the Court focuses on the relationship between the prior representation and the present matter.

ATS argues that the Complaint in this case is substantially related to Greenberg's prior representation of Mulvihill and ATS for several reasons. (Def.'s Mot. at 9-11.) First, ATS points out that Greenberg was given confidential information about ATS's red light cameras, and the Complaint here alleges that ATS misrepresented the technical features and capabilities of its traffic cameras. (*See* Def.'s Mot. at 9; Compl. ¶¶ 40-49.) Second, ATS notes that the Complaint charges that, when bidding on government contracts, ATS falsely overstated the percentage of government contracts it had successfully obtained in the past. (Compl. ¶¶ 58-80.) The Complaint quotes from a proposal made to the City of Bellevue, Washington, in which ATS stated that it had "been selected over other vendors by almost 70 percent of U.S. cities that have issued competitive procurements." (*Id.* ¶ 69.) ATS attached the complete proposal as an exhibit to its Motion and observes that the list of example cities in the proposal includes Philadelphia and New York City, contracts that Greenberg helped ATS obtain. (Def.'s Mot. at 9-10, Ex. D.) Third, ATS argues that Greenberg's past representation is implicated by the claims in the Complaint related to ATS's representations that it is an "American-owned" company. (Compl. ¶¶ 14-39.) ATS states that, in defending against these allegations, it is likely to rely on defenses such as laches because it used the statements for many years, including the years it was represented by Greenberg. (Def.'s Mot.

---

[1] Plaintiff's arguments regarding the end of its attorney-client relationship with Mulvihill/ATS are immaterial. (Pl.'s Resp. at 11-12.) Plaintiff concedes that a relationship existed from 2003 to 2006, and the Court finds that Greenberg represented both Mulvihill and ATS. Therefore, the exact termination date does not affect the outcome here, as a past relationship is sufficient for disqualification.

- 4 -

at 11.) ATS also states that Greenberg received confidential strategy information during its representation that might relate to the claims in the Complaint. (*Id.*)

The Court finds that Greenberg's prior representation of ATS was substantially related to the instant matter. The confidential information Greenberg would normally have learned about ATS's traffic cameras during the course of its prior representation is closely related to claims regarding false representations of the equipment's capabilities. Also, Redflex claims that ATS fraudulently obtained government contracts by, among other things, inflating the percentage of contracts it had won from other municipalities. As Greenberg represented ATS in its efforts to secure at least two of the contracts at issue, the relationship between the claim in this case and the prior representation is obvious and substantial. Finally, as Greenberg represented ATS during the years in which statements were made that the Complaint charges were false and/or misleading, the law firm's representation is clearly implicated. Greenberg's prior representation was substantially related to this case, and confidential information that would normally have been obtained during the prior representation would advance Redflex's position in this lawsuit.

The Arizona Court of Appeals has stressed the "mandatory nature of ER 1.9(a)." *Foulke v. Knuck*, 784 P.2d 723, 728 (Ariz. Ct. App. 1989). "The rule does not require that confidences and secrets be divulged in order for a conflict to exist or for disqualification to be proper." *Id.* (citing *State v. Allen*, 539 So. 2d 1232, 1234-35 (La. 1989)). "Regardless of what was communicated during the representation of the former client, the rule prohibits subsequent representation of an individual whose interests are substantially adverse to those of the former client." *Id.* The court explained that the "'shall not' of ER 1.9(a) 'incorporates . . . [a] presumption of receipt of confidential information; the attorney is not given the option of showing that there is no danger of misuse of confidential information because he never received any.'" *Id.* (quoting *Subsequent Representation and the Model Rules of Professional Conduct: An Evaluation of Rules 1.9 and 1.10*, 1984 Ariz. State L.J. 161, 180-81). "To avoid disqualification because of hardship to the new client, the burden must far outweigh the injustice to the former client who requested the disqualification." *Id.* at 729. Plaintiff has not

1  argued or shown that the burden of disqualification far outweighs the injustice to the former
2  client. Therefore, ER 1.9 precludes Greenberg's representation of Redflex in this matter.
3      **IT IS ORDERED** granting Defendant American Traffic Solutions's Motion to
4  Disqualify (Doc. 14). Greenberg Traurig is hereby disqualified as counsel for Plaintiff.

6      DATED this 2nd day of June, 2010.

_____
Susan R. Bolton
United States District Judge