*Cohen Kennedy Dowd & Quigley*
The Camelback Esplanade 1
2425 East Camelback Road • Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400  Facsimile 602•252•5339
E-mail filings@ckdqlaw.com

Ronald Jay Cohen (003041)  rjcohen@ckdqlaw.com
Laura H. Kennedy (012173)  lkennedy@ckdqlaw.com
Cindy C. Albracht-Crogan (020336)  ccrogan@ckdqlaw.com
Rebecca van Doren (019379)  rvandoren@ckdqlaw.com
  Attorneys for Redflex Traffic Systems, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN TRAFFIC SOLUTIONS, INC., a Kansas corporation, <br><br> Defendant. | No. 2:09-cv-2702-SRB <br><br> **PROPOSED CASE MANAGEMENT PLAN** |

Pursuant to the Court's August 18, 2010 Order Setting Rule 16 Scheduling Conference and the parties' Fed. R. Civ. P. 26(f) conference, the parties submit the following Proposed Case Management Plan.

**I.     NATURE OF THE CASE: FACTUAL AND LEGAL BASIS OF CLAIMS AND DEFENSES.**

    **A.     Plaintiff's Statement of Its Claims.**

Plaintiff Redflex Traffic Systems, Inc. ("Redflex") and defendant American Traffic Solutions, Inc. ("ATS") provide photographic traffic law enforcement services and offer such

services to cities, towns, county organizations and/or government agencies throughout the United States and abroad. ATS engaged in false advertising and unfair competition which have damaged Redflex in the competitive marketplace which has significantly damaged Redflex.

1. <u>ATS falsely advertises that its equipment is American-made</u>.

ATS has advertised and continues to advertise that its equipment is designed and manufactured in the United States. ATS advertises and promotes its photo traffic enforcement services on its website, located at www.atsol.com. On its website, ATS falsely advertises that the hardware and software used in its photo traffic enforcement services is "designed and manufactured in the USA." ATS also displays the following on its website:



ATS features the foregoing on its website as a means of advertising and promoting its photo traffic enforcement services over its competitors' services and as a basis to differentiate itself from its competitors, particularly Redflex.

ATS has also touted its purported American-made technology directly to individual consumers when making proposals to the following potential customers, all of which later entered into contracts with ATS for the purchase of ATS' services: City of San Diego, California (May 24, 2007); City of New Orleans, Louisiana (May 31, 2007); City of Bridgeton, Missouri (September 14, 2007); City of Glassboro, New Jersey (May 30, 2008); City of Bellevue, Washington (June 25, 2008); City of Woodbridge, New Jersey (June 27, 2008); and City of Brick, New Jersey (February 6, 2009).

ATS' advertisements were false and/or misleading as ATS' NIKON technologically-advanced cameras - an essential component of ATS' photo traffic enforcement services – are

neither designed nor manufactured in the United States. ATS' factual misrepresentations regarding the country of origin of its equipment are or are likely to be material to and to influence the purchasing decisions made by potential and existing consumers, as the purchasing decision is likely to be influenced in favor of a company whose products are exclusively designed and/or manufactured in the United States in contrast to Redflex. ATS' factual misrepresentations have deceived and continue to deceive, and/or have a tendency to deceive, potential and existing consumers.

      2. <u>ATS falsely advertises that it uses a 16-megapixel photo radar</u>.

ATS advertises on its website that its mobile speed enforcement equipment is "16-megapixel" photo radar. ATS' advertisements are false and/or misleading as the 16-megapixel camera is not among the components of any equipment that ATS uses in its mobile speed photo traffic enforcement services. ATS' false advertising regarding the capability of its equipment is and/or is likely to be material to and to influence the purchasing decision(s) made by potential and existing consumers. Such potential and existing consumers have been and continue to be deceived, and/or will have the tendency to be deceived by ATS' misrepresentations.

      3. <u>ATS falsely touts the success of its business</u>.

ATS represents on its website that it is under contract to provide photo traffic enforcement services to, among other municipalities, Jackson, Southaven and Topelo, Mississippi. ATS' advertisements are false and/or misleading as the state of Mississippi banned the use of photo traffic enforcement in March 2009, voiding any contract that ATS may have obtained in Mississippi. ATS' factual misrepresentations regarding the success of its

3

business are and/or are likely to be material to and influence the purchasing decision(s) made by potential and existing consumers. Such potential and existing consumers have been and will continue to be deceived, and/or will have the tendency to be deceived by ATS's misrepresentations.

4. <u>ATS deceitfully obtained contracts</u>.

ATS misrepresented to several potential customers that it had successfully been awarded higher percentages of competitively bid contracts than was true. In at least six proposals, made to the City of Tucson, Arizona, the City of Sugar Land, Texas, the City of Arlington, Texas, the City of Glassboro, New Jersey, the City of Bellevue, Washington and the City of Woodbridge, New Jersey, ATS falsely represented that it had been selected over other competitors in "close to 70%," "more than 75%," "in 70 percent," or "almost 70%," in the U.S. cities that have issued competitive procurements. ATS' representations were false. ATS' factual misrepresentations regarding its percentage of market share were material and are likely to be material to and influence the purchasing decision(s) made by potential and existing consumers. Such consumers have been and will continue to be deceived as ATS' false advertisements deceive and/or have a tendency to deceive potential and existing consumers.

Redflex has been and is likely to continue to be injured as a result of ATS's false advertising set forth above. ATS has wrongly diverted sales to itself and harmed Redflex's business and goodwill.

**B.    <u>Defendant's Statement of Its Defenses</u>.**

Redflex is a disappointed bidder for the public contracts. ATS was awarded these public contracts after a fair and open public bidding process. Redflex failed to pursue available

4

administrative remedies. ATS denies that it is liable to Redflex on any of its claims. ATS's statements concerning the country of origin and characteristics of its systems are accurate. Likewise, ATS's statements about the success of its business are accurate. There is no evidence that ATS made any false or misleading statement of fact about a product in any commercial advertisement. Moreover, there is no evidence that these statements were material or had the tendency to deceive a substantial segment of their audience. There is no basis for Redflex's claim that it has been injured as a result of the statements.

## II. ELEMENTS OF PROOF NECESSARY FOR EACH CLAIM FOR RELIEF AND AFFIRMATIVE DEFENSE.

### A. Redflex's Statement of the Elements of Its Claims for Relief.

#### 1. False Advertising: Violation of the Lanham Act, 15 U.S.C. § 1125(a).

Section 43(a) of the Lanham Act provides that "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B) (emphasis added). Redflex must demonstrate the following: "(1) a false statement of fact by [ATS] in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence

the purchasing decision; (4) ATS caused its false statement to enter interstate commerce; and (5) Redflex has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant or by a lessening of the good will associated with its products." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997).

To demonstrate falsity within the meaning of the statute, a plaintiff must either show that the statement was literally false (actually or by implication), or that the statement was true but likely to mislead or confuse consumers. Southland, 108 F.3d at 1139; see also United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998).  If the statement is false, the plaintiff does not need to prove that the statement actually deceived customers or was likely to do so.  Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 820 (7th Cir. 1999); see also U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1040-41 (9th Cir. 1986); Nat'l Products, Inc. v. Gamber-Johnson, 699 F. Supp. 2d 1232, 1237 (W.D. Wash. 2010).  The Lanham Act prohibits a defendant from making a false designation with regard to where the manufactured goods originated. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 777-78 (1992) ("For example, the 'false designation of origin' language contained in the statute makes it unlawful to represent that California oranges came from Florida, or vice versa.") (Stevens, J. concurring).

If a plaintiff successfully establishes a violation of Section 43(a) of the Lanham Act, the plaintiff may recover: (1) the defendant's profits; (2) any damages sustained by the plaintiff; (3) the costs of the action; (4) treble damages; and (5) attorneys' fees. Southland, 108 F.3d at 1145; 15 U.S.C. § 1117(a).

2. <u>Unfair Competition</u>.

"[N]o inflexible rule can be stated as to what conduct will constitute unfair competition." <u>Boice v. Stevenson</u>, 66 Ariz. 308, 315, 187 P.2d 648, 653 (1947). The common law doctrine of unfair competition is based on principles of equity. <u>Fairway Constr., Inc. v. Ahern</u>, 193 Ariz. 122, 124, ¶ 9, 970 P.2d 954, 956 (App. 1998). ATS is liable for unfair competition if it engaged in business conduct that is "contrary to honest practice in industrial or commercial matters." <u>Id.</u>

**B.    <u>ATS's statement of the elements of ATS' affirmative defenses</u>.**

1.    The doctrine of laches;

The defense of laches has of two elements: (1) unreasonable delay, and (2) disadvantage or prejudice to the party asserting the defense. An element of this disadvantage is a change of position in good faith as a result of the delay.

2.    Redflex's claims are barred by the doctrine of unclean hands.

The doctrine of unclean hands states that one who comes into a court of equity seeking equitable relief must come with clean hands. The doctrine operates to bar a claim if the claimant has committed misconduct in the subject transaction.

3.    Redflex's claims are barred by limitations.

The statute of limitations acts to bar claims brought outside the applicable time period permitted for filing suit.

4.    Redflex's claims are barred by the doctrine of estoppel.

Under the doctrine of estoppel, a party may not assert a particular position in one judicial proceeding and assume an inconsistent position in a subsequent proceeding.

7

### III. FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE, AND WHETHER THEY CAN BE NARROWED BY STIPULATION OR MOTION.

The factual and legal issues are set forth above, and are genuinely in dispute. Redflex and ATS anticipate that they each will file dispositive motions.

### IV. JURISDICTIONAL BASIS OF THE CASE.

This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) and 1367(a).

### V. UNSERVED PARTIES WHO HAVE NOT APPEARED.

All parties have been served and appeared.

### VI. NAMES OF PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION.

All parties are subject to this Court's jurisdiction.

### VII. PRETRIAL MOTIONS.

Redflex and ATS each anticipate filing dispositive motions.

### VIII. REFERRAL TO ARBITRATION, SPECIAL MASTER OR MAGISTRATE JUDGE.

The parties do not believe that the case is suitable for reference to arbitration, to a special master or to a United States Magistrate Judge.

### IX. RELATED CASES.

On May 27, 2010, a jury awarded a verdict in favor of Redflex in <u>American Traffic Solutions, Inc. v. Redflex Traffic Systems, Inc., et al.</u>, United States District Court, District of Arizona, Case No. 2:08-cv-02051-PHX-FJM ("Prior Lawsuit"). ATS filed a Notice of Appeal on June 28, 2010.

### A. **Redflex Position Regarding Related Cases.**

Redflex contends that, although between the same parties, the Prior Lawsuit case arises out of different transactions and occurrences and, as a result, is unrelated to the present case.

## X. **FED. R. CIV. P. RULE 26(A) GUIDELINES.**

The parties do not believe that it is necessary to deviate from the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a), except that the parties will exchange initial disclosure statements on or before November 8, 2010.

## XI. **PROPOSED PRETRIAL SCHEDULE.**

### A. **Completion of Factual Discovery: March 31, 2011.**

The parties agree that all discovery must be served sufficiently in advance of this deadline so that discovery is completed by no later than March 31, 2011. This discovery cut-off shall not preclude the filing of discovery motions involving deposition discovery taken or written discovery responded to within the 30 days preceding the cut-off, provided that any such motions are filed within a reasonable period of time after the close of discovery.

### B. **Filing of Dispositive Motions: May 27, 2011.**

### C. **Disclosure of Expert Testimony.**

The parties agree that expert disclosures under Fed.R.Civ.P. Rule 26(a)(2)(c) will be made on or before February 18, 2011 for any expert a party intends to use to support its claims or defenses. The parties agree to exchange rebuttal expert reports on or before March 21, 2011 and to conclude depositions of expert witnesses on or before April 29, 2011.

### D. **Rule 26(a)(3) Pretrial Disclosures: September 2, 2011.**

### E. **Final Pretrial Conference: October 10, 2011.**

The parties agree that they will be ready to participate in a final pretrial conference on October 10, 2011, or as soon thereafter as the Court's calendar permits.

## XII. SCOPE OF DISCOVERY.

The parties do not believe the scope of discovery should be phased or limited beyond the limitations imposed by the Federal Rules of Civil Procedure.

## XIII. LIMITATIONS ON DISCOVERY.

The parties agree that interrogatories, including all discrete subparts, and requests for admission, with the exception of requests intended solely to authenticate documents, be limited, except with leave of court, to a combined total of fifty (50) per side.

### A. Redflex Position Regarding Limitations on Discovery.

Redflex requests that depositions be limited to ten (10) per side, not including expert witnesses.

### B. ATS Position Regarding Limitations on Discovery.

ATS requests that depositions be limited to ten (10) per side.

## XIV. TRIAL DATE.

The parties estimate that they will be ready for trial on approximately November 7, 2011. Although the scope of this action may be impacted by rulings on dispositive motions, Redflex currently estimates that the trial <u>will last approximately ten (10) trial days</u>. ATS estimates that the trial will last approximately six trial days. The parties do not have any suggestions for shortening the trial at this time.

## XV. JURY TRIAL.

A jury trial has been requested.

10

## XVI. SETTLEMENT.

There have been no substantive settlement discussions, although the parties believe a private mediation or settlement conference may be appropriate as discovery proceeds.

## XVII. CLASS ACTIONS.

This case is not a class action.

## XVIII. COMPLEX CASE MANAGEMENT.

The parties do not believe that this case should be placed on the complex track for case management purposes.

## XIV. OTHER MATTERS.

### A. Amendment of the Pleadings.

The parties agree that they will amend the pleadings on or before January 14, 2011.

### B. Protective Order.

ATS will seek the entry of a protective order in this action that will govern the disclosure of confidential documents and information. Redflex does not oppose entry of a protective order so long as the terms are reasonable and govern only those documents that legitimately contain confidential information.

///

///

The parties do not believe that there are any other matters requiring consideration by this Court at this time.

DATED this 20th day of September, 2010.

**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
The Camelback Esplanade I
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
  Attorneys for Redflex Traffic Systems, Inc.


By: s/ Laura H. Kennedy
    Ronald Jay Cohen
    Laura H. Kennedy
    Cindy C. Albracht-Crogan
    Rebecca van Doren

**MCCLANAHAN MYERS ESPEY, L.L.P.**
3355 West Alabama
Suite 210
Houston, Texas  77098
   Attorneys for Defendant American Traffic Solutions, Inc.


By: s/ Robert H. Espey, II
    Randy J. McClanahan
    Michael D. Myers
    Robert H. Espey, II

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2010, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Randy J. McClanahan (Texas State Bar No. 13391500)
> Michael D. Myers (Texas State Bar No. 00791331)
> Robert H. Espey, II (Texas State Bar No. 24007163)
> **MCCLANAHAN MYERS ESPEY, L.L.P.**
> 3355 West Alabama
> Suite 210
> Houston, Texas  77098
> randy@mmellp.com
> mike@mmellp.com
> bob@mmellp.com
> 	Attorneys for Defendant American Traffic Solutions, Inc.

s/ Laura H. Kennedy