IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Redflex Traffic Systems, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>American Traffic Solutions, Inc., a Kansas corporation,<br><br>Defendant. | Case No. CV 09-2702-PHX-SRB<br><br>**PROTECTIVE ORDER** |

Having received and considered the parties' Stipulation for Protective Order, and good cause appearing,

THE PARTIES ARE HEREBY ORDERED to abide by the terms and conditions agreed upon in the Stipulation throughout the course of the above-captioned litigation (the "Action") as follows:

1. <u>Designation of Information as "Confidential" or "Confidential-Attorneys' Eyes Only"</u>.

    (a) Any party or third-party may, in good faith, designate as "Confidential," in whole or in part, information, documents, materials or testimony which contain or reveal sensitive

commercial information, proprietary information, trade secrets, and/or other information treated as confidential by that party in its business operations. Confidential information and documents shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Confidential as set forth below. Any documents or information designated Confidential shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth below governing objections to "Confidential" designations.

(b) The parties acknowledge that certain information that is Confidential as defined above may be of an exceptionally sensitive nature, including but not limited to: materials that relate to research and development of products currently in development and not yet commercially released; current business or strategic plans; sales, cost and pricing information, including future sales or financial projections; non-public marketing information; recent detailed sales and financial data; and recent and current manufacturing processes and techniques. Accordingly, any party or third-party may, in good faith, designate exceptionally sensitive confidential information "Confidential-Attorneys' Eyes Only." Confidential-Attorneys' Eyes Only information and documents shall include documents,

portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Confidential-Attorneys' Eyes Only as set forth below. Any documents or information designated Confidential-Attorneys' Eyes Only shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth below governing objections to "Confidential-Attorneys' Eyes Only" designations.

(c) The restrictions as to use or dissemination of information or materials set forth in this Order shall not apply, to (i) any information which a receiving party lawfully possessed, obtained or developed other than through discovery in this Action; or (ii) any information that is or becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel.

2. <u>Documents Exchanged in Prior Litigation</u>. The parties to this Action were also parties to a previous litigation, encaptioned American Traffic Solutions. Inc. v. Redflex Traffic Systems, Inc., Case No: 2:08-cv-02051 PHX-FJM (the "2008 Action"). Accordingly, each party is in possession of documents produced in the 2008 Action pursuant to a Protective Order entered February 10, 2008. All relevant documents produced by either party to the 2008 Action with the designation "Confidential" may be used in this Action as if produced herein, and shall be treated by the parties as if designated "Confidential" pursuant to this Protective Order. All

relevant documents produced by either party to the 2008 Action with the designation "ATTORNEYS EYES ONLY" OR "Confidential-Attorneys' Eyes Only" may be used in this Action as if produced herein, and shall be treated by the parties as if designated "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order. The receiving party retains the right to challenge the confidentiality designation of any document. So long as documents from the 2008 Action are used in this Action consistent with the terms of this Protective Order, such use shall not be considered a violation of the February 10, 2008 Protective Order entered in the 2008 Action.

   3. <u>Use of Confidential Material</u>. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all materials designated Confidential or Confidential-Attorneys' Eyes Only shall be used only for purposes of this Action, and shall not be used or disclosed by the party receiving the Confidential or Confidential-Attorneys' Eyes Only materials except as provided under the terms of this Protective Order (For purposes of this Protective Order, "disclose" means to show, furnish, or provide the original or a copy of the referenced material or document).

   4. <u>Method of Designating. Documents Confidential or Confidential-Attorneys' Eyes Only</u>. Confidential or Confidential-Attorneys Eyes Only materials shall be designated as follows:

    (a) In the case of documents of 10 pages or less, designation shall be made by stamping "Confidential" or "Confidential-Attorneys' Eyes Only" on each page of the document.

    (b) In the case of documents of more than 10 pages, designation of an entire document may be made by stamping "Confidential" or "Confidential-Attorneys' Eyes Only" on the first page of the document.

  (c)  In the case of depositions, designation of the transcript or portion of the transcript (including exhibits) which contains Confidential or Confidential-Attorneys' Eyes Only material shall be made by a statement on the record during the course of the deposition as to which portion(s) are being designated, or by a statement in writing sent to all counsel of record within thirty (30) business days after receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such deposition shall place the legend "Contains Confidential Material Subject to a Court Order" on the cover of the transcript. If the designation is made after receipt of the transcript, the designating party shall identify which pages of the transcript contain Confidential or Confidential-Attorneys Eyes Only material.

  5.  <u>Subsequent Designation</u>. The failure of a producing party to designate information, documents or materials as "Confidential" or "Confidential-Attorneys' Eyes Only" at the time of the initial production of the same shall not prejudice the producing party's right to thereafter designate such information, documents or materials if the initial failure to designate was inadvertent and discovered within thirty (30) days of the initial production. A producing party may designate any information, documents or materials previously produced without designation by providing written notice of the same to each recipient of the information, documents or materials within thirty (30) days of the production of such information, documents or materials. Upon such designation, the recipient parties shall promptly take reasonable steps to ensure that all undesignated copies of such information, documents or materials are

appropriately marked as "Confidential" or "Confidential-Attorneys' Eyes Only" or destroyed.

6. <u>Contesting "Confidential" and/or "Confidential-Attorneys' Eyes Only" Designations</u>. A receiving party may object to the designation of a document as Confidential or Confidential-Attorneys' Eyes Only, or the failure of a producing party to so designate a document, by notifying counsel for the producing party in writing at any time during the Action.  The parties agree to engage in good faith informal discussions concerning any dispute over the designation of document(s) as "Confidential" or "Confidential-Attorneys' Eyes Only." If the matter is not resolved by the parties themselves, the party challenging the designated status of materials claimed to be restricted by this Protective Order shall have thirty (30) days from the date of receipt of the designated information, documents or material in which to challenge the designation using the procedures set forth in the Court's June 8, 2009 Scheduling Order.  The parties shall treat the disputed documents as Confidential or Confidential-Attorneys' Eyes Only until the Court rules or they reach a written agreement otherwise. The party proposing "Confidential" or "Confidential-Attorneys' Eyes Only" designations has the burden of justifying the designations.

7. <u>Persons Allowed Access to Confidential Information</u>. Documents, material and information designated Confidential shall be maintained in confidence and shall not be disclosed or made available to any person other than:

    (a) The attorneys of record in this Action and the parties' in-house counsel and their associated attorneys, legal assistants, and staff members working on the Action;

    (b) Independent consultants and/or experts retained by the parties to work on the Action, provided, however, that before any such

6

3483783

consultant or expert is shown or receives any documents or information, the consultant or expert must agree by signing Exhibit A to abide by the terms of this Protective Order;

(c) The parties themselves and any current and former officers, directors, employees, advisors, or agents of the parties who are deemed necessary to aid counsel in the prosecution or defense of this Action, provided, however, that before any such person receives any documents or information designated as Confidential by the opposing party, he or she must agree by signing Exhibit A to abide by the terms of this Protective Order;

(d) Any person who was an author, recipient or subject of any particular document;

(e) Deposition or trial witnesses, provided, however, that before any such person receives any documents or information, he or she must be informed that the documents or information are confidential and subject to the Protective Order, and he or she must agree by signing Exhibit A to abide by the terms of this Protective Order;

(f) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the Action;

(g) Any third-party mediator jointly selected by the parties or appointed by the Court;

(h) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure, provided, however, that before any such person receives any

documents or information, he or she must agree by signing Exhibit A to abide by the terms of this Protective Order; and

(i) The Court, its authorized staff and the jury in this Action.

Nothing contained in the Order shall prevent any party from disclosing its own Confidential documents as may be consistent with applicable law.

8. <u>Persons Allowed Access To Confidential-Attorneys' Eyes Only Information</u>. Documents and information designated Confidential-Attorneys' Eyes Only shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) The attorneys of record in this Action and their associated attorneys, legal assistants, and staff members working on the Action;

(b) In house counsel for each party, provided, however, that before any such person receives any documents or information, he or she must agree by signing Exhibit A to abide by the terms of this Protective Order;

(c) Any person who authored or lawfully received the Confidential-Attorneys' Eyes Only documents or information prior to its production or disclosure in this Action, ;

(d) Independent consultants and/or experts retained by the parties to work on the Action, provided, however, that before any such consultant or expert is shown or receives any documents or information, the consultant or expert must agree by signing Exhibit A to abide by the terms of this Protective Order;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the Action;

(f) Any third-party mediator jointly selected by the parties or appointed by the Court;

(g) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure, provided, however, that before any such person receives any documents or information, he or she must agree by signing Exhibit A to abide by the terms of this Protective Order; and

(h) The Court, its authorized staff and the jury in this Action.

Nothing contained in the Order shall prevent any party from disclosing its own Confidential- Attorneys' Eyes Only documents as may be consistent with applicable law.

9. <u>Use of Confidential-Attorneys' Eyes Only Information in Deposition</u>. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal Confidential-Attorneys' Eyes Only material. If a question is asked that potentially solicits an answer containing Confidential-Attorneys' Eyes Only material, the deposition must proceed upon the following basis: Prior to answering the deposition question or questions all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the designating party, all persons not authorized to receive Confidential-Attorneys' Eyes Only material under this Protective Order shall leave the room during the time in which this material is disclosed or discussed.

10. <u>Disclosures Required By Law</u>. If a party who received Confidential or Confidential-Attorneys' Eyes Only material is later requested through subpoena or

other compulsory process to disclose or provide such material to any person or to any judicial, governmental, or administrative body, the party being requested to disclose or provide the Confidential or Confidential-Attorneys' Eyes Only material (the "Receiving Party") shall give written notice of such proposed disclosure to the attorneys of record of the producing party and the other parties to this Action at least fourteen (14) days before such disclosure. If the request for disclosure is received in a way that renders fourteen (14) days' notice impracticable, the Receiving Party shall give such notice immediately by telephone, but in any event before disclosure is made.  The designating party shall have sole responsibility to obtain a court order to preclude or restrict production of any Confidential or Confidential-Attorneys Eyes Only material requested pursuant to subpoena or other compulsory process.  If the designating party advises the Receiving Party that it intends to promptly move for such an order and the designating party files such a motion prior to the production date, the Receiving Party shall not produce or divulge the contents of any Confidential or Confidential Attorneys Eyes Only material until and unless such motion is resolved in a manner that requires production, unless otherwise required by law or Court order.

11. <u>Court Filings</u>. Any Confidential or Confidential-Attorneys' Eyes Only documents filed with the Court shall be filed under seal. Should a brief or motion quote or reference or attach as exhibits Confidential or Attorneys' Eyes Only information or documents, the entire brief or motion will be filed under seal with a redacted brief or motion filed on the public docket. Sealing shall be accomplished in accordance with the procedures set forth in the Rules of Practice of the United States District Court for the District of Arizona, Rule 5.6.

12. <u>After the Litigation</u>. The obligations of this Protective Order are continuing and shall not terminate at the conclusion of this Action. Within 30 days of

settlement or final determination of this Action, all Confidential or Confidential-Attorneys' Eyes Only materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials shall be returned to the party who produced such Confidential or Confidential-Attorneys' Eyes Only materials. A party who has received Confidential or Confidential-Attorneys' Eyes Only materials may destroy electronic copies of such materials in his or her possession, provided that party certifies in writing to the party who produced such materials that such electronic documents, and any and all copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials, have been fully and completely deleted and destroyed from any and all electronic systems and/or storage media.  Notwithstanding the foregoing, the attorneys of record in the Action may retain one copy of all Confidential and Confidential-Attorneys' Eyes Only materials and documents, including work product materials, for purposes of file retention only but these materials shall remain subject to the terms of this Protective Order.

      13.     <u>Work Product and Briefs</u>. After the conclusion of this Action, counsel may maintain work product and all briefs, pleadings or other filings with the Court that include Confidential or Confidential-Attorneys' Eyes Only documents, but these materials shall remain subject to the terms of this Protective Order.

      14.     <u>No Waiver of Applicable Privileges</u>. Nothing in this Protective Order shall be deemed to require disclosure of material protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges. If documents or information subject to a claim of attorney-client privilege, work product immunity, or other applicable privileges are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver, or an estoppel

as to, any claim of attorney-client privilege, work product immunity, or any other legally recognized privilege. If the party who inadvertently produced such a document demands return of the document on the grounds that it is subject to a privilege or immunity, the party to whom the document has been produced shall return the materials or document within seven (7) days and not retain any copies, summaries or other abstracts. The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or protection and to compel production of the documents or materials; lacking that, the demanded documents and all copies shall be returned to the parties that produced them.

15. <u>Limitations</u>. Nothing in this Protective Order shall be construed to limit any party from opposing discovery on any grounds otherwise available. Nor shall anything in this Protective Order restrict a party or its trial counsel from using or disclosing information that they already possess or may acquire by proper means in the future independent of the formal discovery process in this Action. Further, the parties do not intend to waive any rights via this Protective Order with regard to the manner in which Court proceedings are conducted and the use of Confidential or Confidential-Attorneys' Eyes Only documents at trial. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Action and, in the course thereof, relying upon such attorney's examination of "Confidential" and/or "Confidential-Attorneys' Eyes Only" information, documents, materials and testimony; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose the specific contents of any "Confidential" or "Confidential-Attorneys' Eyes Only" information, documents, materials and testimony except as permitted under this Protective Order.

16. <u>Disclosure</u>. Should any "Confidential" or "Confidential-Attorneys Eyes Only" information, documents, materials or testimony be disclosed, through inadvertence or otherwise, by any receiving party to any person or entity not authorized to receive or see such information, documents, materials or testimony under the terms of this Protective Order, the party responsible for such disclosure shall (a) use its best efforts to obtain the return of any such "Confidential" or "Confidential-Attorneys Eyes Only" information, documents, materials or testimony; (b) within five (5) business days of the discovery of such disclosure, inform the unauthorized recipient in writing of the terms of this Protective Order and request immediate return of the material in question, or request that the unauthorized recipient agree to be bound by the terms of this Protective Order; (c) within ten (10) business days of the discovery of such disclosure, inform counsel for all parties in this Action in writing of the fact and circumstances of the unauthorized disclosure, all efforts made to recover any "Confidential" or "Confidential-Attorneys' Eyes Only" information, documents, materials or testimony, and the results of such efforts; and (d) within fourteen (14) business days of the discovery of such disclosure, and provided that efforts to secure the return of the material in question are unsuccessful, inform the Court in writing of the fact and circumstances of the unauthorized disclosure and all efforts made to recover any "Confidential" or "Confidential-Attorneys' Eyes Only" information, documents, materials or testimony, and request that the Court direct the unauthorized recipient to return the material(s) in question.

17. <u>Modification</u>. This Protective Order does not prevent disclosure beyond its terms if the producing party consents to the disclosure in writing, or if the Court orders such a disclosure. Further, the parties may modify this Agreement in writing

and with approval by the Court. Any party may request modification of this Protective Order from the Court, after written notice to the other party.

      18.    <u>Survival of Obligations</u>. The obligations created by this Protective Order shall survive the termination of this Action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this Action, to enforce this Protective Order and to make such amendment and modifications to this Protective Order as may be appropriate.

      Dated this 28th day of January, 2011.

_____
Susan R. Bolton
United States District Judge

# EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____, under penalty of perjury state that:

1. Information, including documents or other materials, designated as "Confidential" or "Confidential-Attorneys Eyes Only", as defined by the Protective Order in *Redflex Traffic Systems, Inc. v. American Traffic Solutions, Inc.*, Case No: 2:09-cv-02702 PHX-SRB ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have received and read a copy of the Protective Order, am familiar with its terms, and agree to be bound by the Protective Order.

3. I agree not to use any Confidential or Confidential-Attorneys Eyes Only material disclosed to me pursuant to the Protective Order except for purposes of the above-referenced Action and not to disclose any of this information to any person except those specifically authorized by the Protective Order to receive such information.

4. I understand that I am to retain all documents or materials designated as or containing Confidential or Confidential-Attorneys Eyes Only in a secure manner, and that all such documents and materials are to remain in my custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writing prepared by me containing any Confidential or Confidential-Attorneys Eyes Only material are to be returned to counsel who provided me with such documents and materials.

5. I further agree that the United States District Court, District of Arizona, may exercise jurisdiction over me to enforce such Protective Order, as necessary.

Dated: _____    Signed: _____