*Cohen Kennedy Dowd & Quigley*
The Camelback Esplanade 1
2425 East Camelback Road • Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400  Facsimile 602•252•5339
E-mail filings@ckdqlaw.com

Ronald Jay Cohen (003041)  rjcohen@ckdqlaw.com
Laura H. Kennedy (012173)  lkennedy@ckdqlaw.com
Cindy C. Albracht-Crogan (020336)  ccrogan@ckdqlaw.com
Rebecca van Doren (019379)  rvandoren@ckdqlaw.com
  Attorneys for Redflex Traffic Systems, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC., a Kansas corporation,<br><br>Defendant. | No. 2:09-cv-2702-SRB<br><br>**REDFLEX'S OPPOSITION TO ATS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM** |

Plaintiff Redflex Traffic Systems, Inc. ("Redflex") opposes the Motion for Leave to File an Amended Answer and Counterclaim filed by Defendant American Traffic Solutions, Inc. ("ATS"). In its proposed counterclaims for violation of the Lanham Act and unfair competition, ATS alleges that Redflex falsely "advertised" that it has certain contracts with certain cities and that Redflex holds the "number one position" in its industry in revenue generated and in the USA market "in terms of jurisdictions under contract and operational systems." As demonstrated herein, however, the proposed counterclaims are fatally deficient for at least three independent, but equally compelling reasons, each of which would mandate

their immediate dismissal pursuant to Fed. R. Civ. P. 12(b)(6) if ever filed.[1]

Most prominently, ATS fails to adequately allege two necessary elements of its claims: that the statements on the Redflex website are material to customers and have a tendency to deceive its audience. In fact, its allegations are wholly conditional. ATS alleges that these two elements are satisfied <u>only</u> <u>if</u> Redflex succeeds in proving that the actionable statements made by ATS identified in Redflex's Complaint are material and have a tendency to deceive. These conditional allegations are insufficient as a matter of law; either Redflex's statements are material and have a tendency to deceive or they are not and do not. ATS cannot both hedge to protect its defenses to Redflex's distinct claims and also state a claim for relief.

Moreover, many of the statements ATS cites were not made by the plaintiff Redflex and do not appear on its website. They were made by the Chairman of Redflex Holdings Limited, Redflex's parent company, to investors, not potential customers, and appear on that company's website. Statements made by a separate party to a non-consumer audience are not actionable as false advertising.

Finally, several of the statements identified by ATS are not specific enough to be proven or disproven. As such, they cannot form the basis for a false advertising claim whether under the Lanham Act or common-law unfair competition.

As ATS' proposed counterclaims cannot withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), amending its Answer to include them would be futile.[2] Its motion for leave

---

[1] Redflex does not object to the limited proposed amendment to ATS' Answer.

[2] Futility is a well-recognized basis for denying a motion for leave to amend. <u>See Juarez v. Jani-King of California, Inc.</u>, 2010 WL 4807086, *2 (N.D. Cal. Nov. 19, 2010) (<u>citing</u> <u>Bowles v.</u>

2

must therefore be denied.

**I.     ATS' PROPOSED COUNTERCLAIMS ARE FATALLY DEFICIENT.**

    **A.     <u>ATS' Conditional Allegations Do Not State A Claim For Relief</u>.**

Over one year after Redflex initiated its action against ATS based upon ATS' pattern and practice of consistent false representations to potential customers, ATS seeks to assert two counterclaims against Redflex: one for false advertising based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the other for unfair competition under Arizona law. The elements of Section 43(a) Lanham Act claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the false statement is made in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement. See <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134, 1139 (9th Cir. 1997).[3]

ATS' proposed counterclaims are based exclusively on statements appearing on or accessible through what it alleges is the Redflex website. Apparently to preserve its argument

---

<u>Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)). An amendment is futile if it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). See <u>Townsend v. Univ. of Alaska</u>, 543 F.3d 478, 487 n.6 (9th Cir. 2008) ("The basis for futility is more accurately characterized as a failure to state a claim for relief, see Fed.R.Civ.P. 12(b)(6)."); <u>Rosen v. Cmty. Educ. Centers, Inc.</u>, 2010 WL 3981200, *2 (D. Ariz. Oct. 8, 2010) ("We deny leave to amend on the basis of futility when the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P.").

[3]     Similarly, a common law claim for unfair competition based on deceptive advertising arises from "a representation relating to the actor's own goods, services, or commercial activities that is likely to deceive or mislead prospective purchasers to the likely commercial detriment of another." Restatement (Third) of Unfair Competition § 2 (1995).

that statements on its own website are not actionable as false advertising, ATS includes in its counterclaims the following qualifications:

> **To the extent that statements on a website are actionable**, all of the aforementioned statements on the Website regarding the communities in which Redflex provides photographic traffic enforcement services and those in the AGM Presentations document are made by Redflex as a means of advertising or promoting its photographic traffic enforcement equipment and services and as a basis to differentiate itself from its competitors in the eyes of potential and existing consumers worldwide.
>
> In asserting its claims in this case against ATS, Redflex asserts that statements on ATS's website are and/or are likely to be material to the decisions made by potential and existing consumers of photographic traffic enforcement services. **To the extent Redflex is correct in making this assertion, it is equally true that advertising claims made on Redflex's Website are and/or are likely to be material** to the decisions made by potential and existing consumers of photographic traffic enforcement services.
>
> In asserting its claims in this case against ATS, Redflex asserts that statements on ATS's website have actually deceived, continue to deceive, and/or had or have a tendency to deceive, potential and existing consumers of photographic traffic enforcement services. **To the extent Redflex is correct in making this assertion, it is equally true as to the false and misleading advertising claims made on Redflex's Website.**

[Proposed counterclaim, Doc. 55-1, ¶¶ 22-24 (emphasis added).]  ATS' claims are thus conditional and the allegations do not state a claim for relief.  To state a claim, ATS, in good faith based on a reasonable inquiry that Redflex engaged in actionable misconduct, must allege each of the elements of its claims.  ATS' allegations that the alleged misrepresentations were material and had a tendency to deceive only if certain conditions are met in the future amount to no allegation of the necessary elements at all.  Moreover, that Redflex's claims are true-- ATS' false statements in its advertising are material and have a tendency to deceive--does not make ATS' claims true because the statements made by Redflex are distinct and presented in a

4

wholly different context.[4]  As ATS has failed to actually allege essential elements of its claims, a motion to dismiss would be granted and the motion for leave must therefore be denied.

**B.     ATS Misrepresents The Source And Content Of The Statements.**

In its counterclaims, ATS relies heavily on a written presentation supposedly appearing on the plaintiff Redflex's website.  However, Redflex's webpage, where potential customers would visit to find information about the plaintiff, is www.redflex.com/html/usa/index.php. ATS instead references www.redflex.com, the website for Redflex Holdings Limited, the parent company of Redflex and numerous other entities located all over the world.  The presentation at issue was made on November 19, 2010 by the Chairman of Redflex Holdings Limited at the company's annual general meeting regarding the achievements of Redflex and its sister companies.  In fact, the Chairman's statement that Redflex holds the "number one position in its industry in revenue generated" obviously refers to <u>all</u> of the Redflex Holdings companies collectively.  [Proposed counterclaim, Doc. 55-2, p. 13.]

ATS' reliance on this statement, and on anything found on the Redflex Holdings website, is misplaced.  A presentation made to and intended for investors in Redflex Holdings Limited, cannot serve as the basis for a charge that Redflex engaged in false advertising to its customers.  See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th

---

[4]     Redflex's claims are based upon ATS' false statements that ATS uses equipment wholly manufactured in the United States, that ATS uses 16-megapixel camera equipment, that ATS has contracts with certain Mississippi cities to provide services, and that ATS' success rate in competitive procurements is more than 70%.  ATS made these statements both on its website and directly to potential customers in written proposals as part of an overall advertising and marketing strategy designed to undercut the success of Redflex, its primary competitor.

5

Cir. 1999) (holding that to be actionable under the Lanham Act, a statement must be made "for the purpose of influencing consumers to buy defendant's goods or services").

ATS further stretches to argue that the map from the investor presentation showing that Redflex has contracts in California, Illinois and Texas "conveys the message that: (a) the states of California, Texas, and Illinois have contracted with Redflex to provide photographic traffic enforcement services; and (b) Redflex is the sole provider of photographic traffic enforcement services in those states." [Proposed Counterclaim, ¶ 21.] This argument fails on its face. The map does not state or otherwise suggest that Redflex has contracts with the states themselves, or that Redflex is the "sole provider" of services within those states. Rather, the import is that Redflex operates traffic safety systems in those three states, a fact that ATS does not (because in good faith it cannot) allege to be false. Thus, the message conveyed by the map is true and neither deceptive nor misleading. As the facts do not support ATS' allegations, the counterclaims should be dismissed. See also Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

### C. ATS Cannot Base False Advertising Claims On Statements Too Vague To Be Disproven.

The Ninth Circuit has observed that "consumer reliance will be induced by specific rather than general assertions." Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 246 (9th Cir. 1990). Accordingly, a false advertising charge must be based on "a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." CollegeNet, Inc. v. Embark.Com, Inc., 230

6

F.Supp.2d 1167, 1177 (2001).  Statements that are too vague to be measured are insufficient.  See Coastal Abstract Serv., 173 F.3d at 731 (holding that "vague and subjective" statement that was "not a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact" could not as a matter of law "give rise to liability under either the Lanham Act").

In CollegeNet, for example, the court held that several statements contained on the defendant's website could not form the basis of a false advertising claim.  The statement that the defendant "holds a 50% market share of the top United States universities" was vague because the phrase "top universities" was undefined.  230 F.Supp.2d at 1177.  The statement that the defendant's "website is the # 1 destination for college bound students" was also too vague to be actionable:

> First, nothing defines the phrase "# 1 destination." While such a claim could potentially be measured by the number of "hits" to Embark's website, it may also be measured by the number of pages read, time spent on the site, number of inquires for information, number of colleges serviced, and so forth. Second, "college bound students" is necessarily vague. This phrase could encompass any type of student with any degree of interest in attending college. The key difficulty with this statement lies in proving it false because the parties would need to know if those visiting Embark's website were in fact "college bound."

Id. at 1178.

Like the plaintiff in CollegeNet, ATS bases its false advertising claims on statements too vague to be measured, including that: (1) Redflex holds the "number one position in its industry in revenue generated"; and (2) Redflex holds the "number one position in the USA market in terms of jurisdictions under contract and operational systems."  [Proposed Counterclaim, Doc. 55-1, ¶¶ 16-17]  Neither of these statements is specific or measurable such that ATS would ever

be able to prove them to be false. The term "revenue generated" might be interpreted in any number of ways, including gross revenue, net revenue, revenue to Redflex, or revenue to the customer. Similarly, the phrase "number one position in jurisdictions under contract and operational systems" has multiple potential interpretations. It could mean, for example, that Redflex has the most jurisdictions under contract, that it has the most individual systems in place, a combination of the two, or simply that of the jurisdictions that have traffic system contracts with any provider, Redflex has been rated the most favorably. As ATS can never prove that the statements are false, it has not stated a claim for false advertising.

## II. CONCLUSION.

If ATS were to file its Counterclaim as drafted, Redflex would immediately seek, and obtain, dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the proposed Counterclaim is futile and ATS' Motion for Leave to File an Amended Answer and Counterclaim must be denied insofar as ATS seeks to add a counterclaim.

DATED this 1st day of February, 2011.

               **COHEN KENNEDY DOWD & QUIGLEY, P.C.**
               The Camelback Esplanade I
               2425 East Camelback Road, Suite 1100
               Phoenix, Arizona  85016
                Attorneys for Redflex Traffic Systems, Inc.

               By: s/ Laura H. Kennedy
                   Ronald Jay Cohen
                   Laura H. Kennedy
                   Cindy C. Albracht-Crogan
                   Rebecca van Doren

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2011, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Scott W. Rodgers, 013082
>Maureen Beyers, 017134
>Erick S. Ottoson, 026970
>**OSBORN MALEDON, P.A.**
>2929 North Central Avenue, 21st Floor
>Phoenix, Arizona 85012-2793
>(602) 640-9000
>srodgers@omlaw.com
>mbeyers@omlaw.com
>eottoson@omlaw.com
>
>Randy J. McClanahan (Texas State Bar No. 13391500)
>Michael D. Myers (Texas State Bar No. 00791331)
>Robert H. Espey, II (Texas State Bar No. 24007163)
>**MCCLANAHAN MYERS ESPEY, L.L.P.**
>3355 West Alabama
>Suite 210
>Houston, Texas  77098
>randy@mmellp.com
>mike@mmellp.com
>bob@mmellp.com
>   Attorneys for Defendant American Traffic Solutions, Inc.

s/ Laura H. Kennedy