*Cohen Kennedy Dowd & Quigley*
*The Camelback Esplanade 1*
*2425 East Camelback Road • Suite 1100*
*Phoenix, Arizona 85016*
*Telephone 602•252•8400*
*Facsimile 602•252•5339*
*E-mail filings@ckdqlaw.com*

Ronald Jay Cohen (AZ Bar #003041)  RJCohen@ckdqlaw.com
Laura H. Kennedy (AZ Bar #012173) – LKennedy@ckdqlaw.com
Cindy C. Albracht-Crogan (AZ Bar #020336) – CCrogan@ckdqlaw.com
Rebecca van Doren (AZ Bar #019379) Rvandoren@ckdqlaw.com

Attorneys for Plaintiff/Counterdefendant REDFLEX TRAFFIC SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC., a Kansas corporation,<br><br>              Defendant. | Case No. CV 09-2702-PHX-SRB<br><br>**REPLY TO COUNTERCLAIM**<br><br><br>Judge: Hon. Susan R. Bolton |
| AMERICAN TRAFFIC SOLUTIONS, INC, a Kansas corporation,<br><br>              Counterclaimants,<br><br>       v.<br><br>REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation,<br><br>              Counterdefendant. | |

For its Reply to the Counterclaims filed by American Traffic Solutions, Inc. ("ATS"), Plaintiff and Counterdefendant Redflex Traffic Solutions, Inc. ("Redflex") admits, denies and alleges as follows:

**PARTIES**

1.      Upon information and belief, Redflex admits the allegations contained in paragraph 1 of the Counterclaim.

2.      Redflex admits the allegations contained in paragraph 2 of the Counterclaim.

**JURISDICTION AND VENUE**

3.      Answering paragraph 3 of the Counterclaim, Redflex admits that this Court has subject matter jurisdiction over ATS' federal counterclaim.  Redflex denies liability under ATS' Counterclaim and the remaining allegations contained in paragraph 3 of the Counterclaim.

4.      Answering paragraph 4 of the Counterclaim, Redflex admits this Court has supplemental jurisdiction over ATS' state counterclaim.  Redflex denies liability under ATS' Counterclaim and the remaining allegations contained in paragraph 4 of the Counterclaim.

5.      Answering paragraph 5 of the Counterclaim, Redflex admits this Court has personal jurisdiction over Redflex.  Redflex denies the remaining allegations contained in paragraph 5 of the Counterclaim.

6.      Redflex admits the allegations contained in paragraph 6 of the Counterclaim.

**GENERAL ALLEGATIONS**

7.      Answering paragraph 7 of the Counterclaim, Redflex admits ATS provides equipment and services for photographic traffic and toll enforcement.  Redflex is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Counterclaims and, therefore, denies the same.

8.      Answering paragraph 8 of the Counterclaim, Redflex admits that it provides photographic traffic enforcement equipment and services to certain cities, towns, county organizations and/or government agencies in the United States.  Redflex further admits that

Redflex and ATS are direct competitors.  Redflex denies the remaining allegations contained in paragraph 8 of the Counterclaim.

9.      Answering paragraph 9 of the Counterclaim, Redflex admits that it in certain media announcements located on the website of its parent company, Redflex refers to communities in which Redflex provides photographic traffic enforcement services.  Redflex denies the remaining allegations contained in paragraph 9 of the Counterclaim.

10.      Answering paragraph 10 of the Counterclaim, Redflex admits the home page for its website may be found at http://www.redflex.com/html/usa/index.php and that, at certain times, Redflex has identified the cities to which it provides and/or provided services.  Redflex denies the remaining allegations and characterizations contained in paragraph 10 of the Counterclaims.

11.      Answering paragraph 11 of the Counterclaim, Redflex denies that Exhibit B is a true and correct copy of a web page currently displayed on Redflex's website.  Redflex therefore denies the remaining allegations and characterizations contained in paragraph 11 of the Counterclaim.

12.      Answering paragraph 12 of the Counterclaim, Redflex denies that the image contained in paragraph 11 of the Counterclaim is a true and correct copy of any web page currently displayed on its website.  Redflex therefore denies the remaining allegations and characterizations contained in paragraph 12 of the Counterclaim.

13.      Answering paragraph 13 of the Counterclaim, Redflex denies that the image contained in paragraph 11 of the Counterclaim is a true and correct copy of any web page currently displayed on its website.  Redflex admits that it is not currently under contract to provide services to the cities identified in paragraph 12 of the Counterclaim.  Additionally,

Redflex is without sufficient knowledge and information to form a belief as to the truth of whether ATS is the exclusive provider of photographic traffic enforcement services to Frisco, Texas and, therefore, denies the same.   Redflex denies the remaining allegations and characterizations contained in paragraph 13 of the Counterclaim.

14.      Answering paragraph 14 of the Counterclaim, Redflex admits that there is a tab entitled "Media Announcements" on the website of its parent company.  Redflex further admits that by clicking on the "Media Announcements" tab, a visitor to its parent company's website may navigate to another web page located at http://www.redflex.com/html/media/media.php. Although Redflex is unable to verify whether Exhibit C is a true and accurate copy of the web page it purports to depict and therefore denies the same, Redflex admits that a number of press releases are accessible through the described page, including a document dated November 19, 2010 and entitled "AGM Presentations."  Redflex admits Exhibit D is a true and correct copy of "AGM Presentations," except for the exclusion of some headers and footers.

15.      Redflex denies the allegations contained in paragraph 15 of the Counterclaim.

16.      Answering paragraph 16 of the Counterclaim, Redflex admits that the AGM Presentation provided that an entity affiliated with the Redflex Group "[m]aintained [its] number one position in its industry in revenue generated."

17.      Answering paragraph 17 of the Counterclaim, Redflex admits that the AGM Presentation provided that "Redflex Traffic Systems, Inc. continues to hold the number one position in the USA market in terms of jurisdictions under contract and operational systems."

18.      Answering paragraph 18 of the Counterclaim, Redflex admits that the quoted text, among other language, can be found at the bottom of the same page as the described map contained in the AGM Presentation.  Redflex admits that the AGM Presentation provided that

"3 of the largest US states are enabled and operating Redflex intersection safety camera systems. In these markets, with express speed enablement, Redflex will be able to leverage its existing asset base and retrofit >1100 systems for supplemental public safety initiatives."  Redflex denies the remaining allegations and characterizations contained in paragraph 18 of the Counterclaims.

19.     Redflex denies the allegations contained in paragraph 19 of the Counterclaim.

20.     Redflex denies the allegations contained in paragraph 20 of the Counterclaim.

21.     Answering paragraph 21 of the Counterclaim, Redflex admits that ATS has contracts to provide services in Texas, Illinois and California.  Redflex denies the remaining allegations contained in paragraph 21 of the Counterclaim.

22.     Answering paragraph 22 of the Counterclaims, Redflex admits that statements on a website may be a means of advertising or promoting one's business and may serve as a basis to differentiate one's business from competitors in the eyes of existing consumers.  Redflex admits that statements made on a website may be disseminated in interstate commerce.  Redflex denies the remaining allegations and characterizations contained in paragraph 22 of the Counterclaim.

23.     Answering paragraph 23 of the Counterclaim, Redflex admits that the statements made on ATS' website are and/or are likely to be material to purchasing decisions made by potential and existing consumers of the advertised product or service.  Redflex denies the remaining allegations and characterizations contained in paragraph 23 of the Counterclaim.

24.     Answering paragraph 24 of the Counterclaim, Redflex admits that ATS' false advertisements and promotions described in Redflex's Complaint have deceived, continue to deceive, and/or had or have a tendency to deceive potential and existing customers.  Redflex denies the remaining allegations and characterizations contained in paragraph 24 of the Counterclaim.

## FIRST CAUSE OF ACTION
### Federal False Advertising

25.     Redflex restates and incorporates in full its responses set forth in paragraphs 1 through 24 of this Reply as if fully set forth herein.

26.     Redflex denies the allegations contained in paragraph 26 of the Counterclaim.

27.     Redflex denies the allegations contained in paragraph 27 of the Counterclaim.

28.     Redflex denies the allegations contained in paragraph 28 of the Counterclaim.

29.     Redflex denies the allegations contained in paragraph 29 of the Counterclaim.

30.     Redflex denies the allegations contained in paragraph 30 of the Counterclaim.

## SECOND CAUSE OF ACTION
### State Common Law Unfair Competition

31.     Redflex restates and incorporates in full its responses set forth in paragraphs 1 through 30 of this Reply as if fully set forth herein.

32.     Paragraph 32 of the Counterclaim contains no factual allegations which requires an admission or denial.

33.     Redflex denies the allegations contained in paragraph 33 of the Counterclaim.

34.     Redflex denies the allegations contained in paragraph 34 of the Counterclaim.

35.     Redflex denies the allegations contained in paragraph 35 of the Counterclaim.

36.     Redflex respectfully demands a jury trial on all issues.

37.     Redflex denies that ATS is entitled to any damages, including lost profits, disgorgement of profits by Redflex.  Redflex further denies that ATS is entitled to its attorneys' fees or costs in connection with this action and affirmatively alleges that it is entitled to an award of its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

38.     Redflex denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

39.    The Counterclaim fails to state claims upon which relief may be granted.

40.    ATS' Counterclaim is barred, in whole or in part, by its misconduct and/or unclean hands.

41.    ATS' Counterclaim is barred, in whole or in part, by waiver, estoppel and laches.

42.    ATS' Counterclaim is barred, in whole or in part, because it has not sustained injury or damage as a result of the matters averred in the Counterclaim.

43.    To the degree ATS is entitled to any recovery from Redflex, such recovery would be offset by those monies ATS owes Redflex.

44.    Redflex reserves the right to assert additional affirmative defenses which may arise as discovery progresses or otherwise during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations of the Counterclaim, Redflex requests that judgment be entered against ATS, denying the relief sought by ATS, holding that ATS take nothing by the Counterclaim and dismissing the Counterclaim in its entirety, awarding

///

///

///

///

///

Redflex its attorneys' fees and costs and such other relief as is appropriate.

Dated this 15th day of March, 2011.

**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
The Camelback Esplanade I
2425 E. Camelback Road, Suite 1100
Phoenix, Arizona  85016
Attorneys for Defendants


By     s/ Laura H. Kennedy
        Ronald Jay Cohen
        Laura H. Kennedy
        Cindy C. Albracht-Crogan
        Rebecca van Doren

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2011, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Scott W. Rodgers
> Maureen Beyers
> Erick S. Ottoson
> **Osborn Maledon, P.A.**
> 2929 North Central Avenue, 21st Floor
> Phoenix, Arizona 85012-2793
> (602) 640-9000
> srodgers@omlaw.com
> mbeyers@omlaw.com
> eottoson@omlaw.com
>
> Randy J. McClanhan
> Michael D. Myers
> Robert H. Espey, II
> **McClanahan Myers Espey, L.L.P.**
> 3355 West Alabama, Suite 210
> Houston, Texas 77098
> (713) 223-2005
> randy@mmellp.com
> mike@mmellp.com
> bob@mmellp.com
>
>
> s/   Laura H. Kennedy